Estate of E. A. Wickham, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

B. P. Wickham, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 29501, 29502. Promulgated April 30, 1931.

*John P. Organ, Esq., Addison G. Kistle, Esq.,* and *George S. Wright, Esq.,* for the petitioners.

*L. A. Luce, Esq.,* for the respondent.

OPINION.

LANSDON: The partnership of E. A. Wickham and Company was formed by E. A. Wickham and B. P. Wickham about the year 1888, and conducted by them as a two-member firm without change during and throughout its entire life. Prior to 1923 this partnership filed no income tax returns; but for that year, after an investigation had been started by the Government officials in reference to its business, a return was filed for it by E. A. Wickham. This return showed that all of the partnership earnings for that year were distributable in equal parts to E. A. Wickham and B. P. Wickham, who were represented as being the only partners. The returns filed by these partners for that year were in harmony with the partnership return and reported each as having received one-half of the net income reported for it. In the negotiations with the Government agents for a postponement of the investigations, in the spring of 1924, E. A. Wickham stated to them that he and B. P. Wickham were the only members of the partnership, and upon such representation was granted the continuance upon the execution of waivers signed only by these two brothers. Also, in the several letters and applications for relief sent to the Insurance Department of the State of Iowa in 1922 and 1923 by E. A. Wickham in behalf of the partnership, that member, upon oath, stated that he and B. P. Wickham were the only members and parties of interest in that firm. The petitioners claim that the statements severally made to the sister and two brothers, when each came to work for the firm, of a desire and intent that they should have an interest in, and " be in " the business, followed by their continuous employment upon a nonsalary basis, made them all partners in the business, with ratable interests in the income produced as shown in the agreement of September 19, 1919.

In so far as the agreement of September 19, 1919, is concerned we see no connection whatever between that document and the partnership firm which produced the income in dispute. It is conceded that the contracting business carried on by this firm, which was founded in 1888 by the elder Wickham brothers, was entirely separate and apart from the brick business conducted by their father, James Wickham; and that it was separately owned by them to the exclusion of the father. The contract of September 19, 1919, was made on the day following the funeral of the father, James Wickham; and, by specific recitals, shows that it was the business of the father which these children agreed to continue " without inter-

ruption or division," sharing profits as partners, for the period beginning January 1, 1919. Contracts similar to this one, following a death, are not uncommon between heirs, or distributees of an estate, as a convenience of administration; but it is difficult to see why an agreement to " carry on and continue without interruption " should be considered necessary to a business which had been successfully conducted for more than 30 years. It is clear that this contract was in no way intended to affect the partnership business of E. A. Wickham and Company; and its application to the affairs of that firm, after investigation by the Federal agents had begun, we think, was an afterthought intended to fraudulently conceal the true distribution of partnership income. The record wholly fails to show any legal relations between E. A. Wickham and B. P. Wickham on the one hand, and the sister, Eleanor, and brothers John and Leo, on the other, which would make the last named, or either of them, partners in the business carried on by the firm of E. A. Wickham and Company. Most certainly, under this record, these alleged junior partners at no time could have been held for the debts of that partnership and we are of the opinion that at no time were they, or either of them, such partners. On the record we find that the partnership here involved was a two-member firm comprised of B. P. Wickham and E. A. Wickham, deceased. The deficiencies asserted by the respondent are approved.

The charge of fraud raised by the respondent in his amended answer is amply sustained by the record. The understatements of income in all of the returns filed, and the failure to report the true income received from this prosperous partnership business, in view of the petitioner's admitted knowledge covering a period of more than 30 years, is inexcusable and can not be justified upon the plea that he entrusted the making of such return to others. *D. C. Clark*, 22 B. T. A. 314. In respect of B. P. Wickham, petitioner at Docket No. 29501, the allegations of fraud are sustained.

*Decision will be entered under Rule 50.*